[Docket No. 1]

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

TONI MARIE G.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY, *et al.*,

Defendants.

Civ. A. No. 26-14613 (RMB)

**MEMORANDUM OPINION & ORDER**

**THIS MATTER** comes before the Court upon the Complaint [Docket No. 1] and Application to Proceed *in forma pauperis* ("IFP") [Docket No. 1-2] by *pro se* Plaintiff Toni Marie G. ("Plaintiff"). Plaintiff is represented by counsel and seeks judicial review of a final determination of the Commissioner of the Social Security Administration denying Plaintiff's application for social security benefits.

Pursuant to Local Civil Rule 54.3, "the Clerk shall not be required to enter any suit, file any paper, issue any process, or render any other service for which a fee is prescribed . . . unless the fee is paid in advance." Under certain circumstances, however, this Court may permit an indigent plaintiff to proceed *in forma pauperis*.

[1] Due to the significant amount of personal information and privacy concerns in Social Security cases, non-governmental parties are identified solely by first name and last initial. *See* D.N.J. Standing Order 2021-10.

A court may permit a litigant to proceed without prepayment of fees if she submits a proper IFP application and establishes that she is unable to pay the requisite fees. *See* 28 U.S.C. § 1915(a)(1). Courts within the Third Circuit only grant leave to proceed IFP "based on a showing of indigence." *Douris v. Newtown Borough, Inc.*, 207 F. App'x 242, 243 (3d Cir. 2006). While IFP status is not reserved solely for the "absolutely destitute," the litigant "must establish that [she] is unable to pay the costs of [her] suit." *Hurst v. Shalk*, 659 F. App'x 133, 134 (3d Cir. 2016) (quoting *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989)). The litigant seeking IFP status bears the burden "to provide the Court with the financial information it needs to make a determination as to whether [she] qualifies for IFP status." *Freeman v. Edens*, 2007 WL 2406789, at *1 (D.N.J. Aug. 17, 2007) (cleaned up). "[A] plaintiff must state the facts concerning [her] poverty with some degree of particularity, definiteness or certainty." *Gross v. Cormack*, 2013 WL 5435463, at *2 (D.N.J. Sept. 27, 2013) (quoting *Simon v. Mercer Cnty. Comm. College,* 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

While Section 1915 "is designed to ensure that indigent litigants have meaningful access to the federal courts," *Neitzke v. Williams*, 490 U.S. 319, 324 (1989), proceeding IFP "is a privilege, not a constitutional right." *Atl. Cnty. Cent. Mun. Ct. Inc. v. Bey*, 2024 WL 1256450, at *1 (D.N.J. Mar. 25, 2024). "Failure to submit a completed financial affidavit renders an IFP application incomplete and this defect warrants the application's denial." *Id.* (citing *Rohn v. Johnston*, 415 F. App'x 353, 355 (3d Cir. 2011)).

In her IFP application, Plaintiff certifies that her husband is the sole provider for her family and that his average monthly income is $8,000. She also certifies that she or her spouse owns various assets, including a home valued at $320,000, as well as two motor vehicles, a 2026 Mazda valued at $50,000 and a 2019 Mercedes valued at $30,000. Plaintiff avers, however, that her family's monthly expenses exceed her husband's monthly income.

"[L]eave to proceed *in forma pauperis* is based on a showing of indigence[.]" *Douris,* 207 F. App'x at 243. Notwithstanding Plaintiff's claimed monthly expenses, after considering Plaintiff's household income – $96,000 annually – and the assets listed in her IFP application, the Court finds Plaintiff has failed to establish her indigence and inability to pay the costs of her suit.

**ACCORDINGLY, IT IS HEREBY** on this **19th** day of **November 2026**,

**ORDERED** that Plaintiff's IFP application is **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that the Clerk shall administratively terminate[2] this matter, subject to reopening upon the payment of the filing fee; and it is further

[2] Administrative termination is merely a "docket control device and not an order for dismissal or a decision on the merits." *Chan v. Boardwalk 1000, LLC*, 2021 WL 4306828, at *5 n.6 (D.N.J. Sept. 22, 2021) (collecting cases). Nor does it deprive this Court of jurisdiction over this matter. *See Papotto v. Hartford Life & Accident Ins. Co.*, 731 F.3d 265, 275 (3d Cir. 2013) (distinguishing administrative terminations from dismissals).

**ORDERED** that, within thirty (30) days of the entry of this Order, Plaintiff shall pay the requisite $405 filing fee; and it is finally

**ORDERED** that, if Plaintiff fails to timely pay the filing fee, the Court will close the file in this matter without further notice and subject to reopening only upon good cause shown.

**/s/Renée Marie Bumb**
RENÉE MARIE BUMB
Chief United States District Judge